Turcotte, J.
The plaintiff left his home August 20,1985 occupied by a friend to tend to his occupation. He returned on October 24,1985. He left behind, not secreted, a checkbook and an account with approximately $30,000.00 in it. After his return, he *170 discovered two statements on that account missing. Making inquiry to the defendant bank, he found the statements had been sent to his home although an unknown person had called the bank and asked they not be sent there. The friend left his home on October 26,1985. On attempting to reconcile his account he discovered that his name had been forged by his friend to 14 checks drawn on his account all payable to his friend in amounts of either $400.00 or $800.00 for a total of $10,400.00.
He brought this action on two counts, seeking reimbursement of the $10,400.00 to his account and alleging a violation of 93A The trial judge found for the plaintiff for $10,400.00 and for the defendant on the 93A count Both parties claimed a report.
The trial judge made findings that the plaintiff was not negligent nor did he contribute to the forgeries; thatthey were obvious forgeries, and that the bank didnot use ordinary care according to reasonable commercial standards.
G.Lc. 106, §3-401 provides in part “ (1) No person is liable on an instrument unless his signature appears thereon.”
G.Lc. 106, §3406 provides “Any person who, by his negligence, substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a holder in due course or against a drawee or other.payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee’s or payor’s business.” Most jurisdictions agree thatwhere the bank fails to follow reasonable commercial standards, this §3-406 defense is not available to the bank without regard to the negligence if any of the issuer. ■-First National Bank of Boston v. Hovey, et al., 10 Mass. App. Ct. 715, 723 (1980). In this case, the trial judge not only found the plaintiff not to be negligent but also found the defendant bank failed to exercise ordinary care in paying the forged checks:' Any action taken by the bank where it exercises less than ordinary care cannot be in accord with reasonable commercial standards. ...
G.Lc. 106, §4406 sets out the duty of a customer in a bank to exercise reasonable care and promptness to examine his bank statements to discover his unauthorized signature and to notify the bank, and the effect of his failure to do so may be the preclusion of his asserting his unauthorized signature againstthe bank. Even though the plaintiff failed to examine his statements for a significant length of time, the preclusion does not apply where, as here, the customer establishes lack of ordinary care on the part of the bank in paying the items.
The judge was not plainly wrong in finding the bank did not engage in an unfair or deceptive practice and in denying recovery under G.Lc. 93A The bank’s position that it was not required to reimburse the plaintiffs account did not automatically require a finding that it was unfair or deceptive. The circumstances of each case must be analyzed. Merchants National Bank of Worcester v. Killen, 377 Mass. 100, 109-110 (1978). The question whether a particular set of acts in their factual setting is unfair or deceptive is a question of fact Schwanbeck v. Federal-Mogul Corp., 31 Mass. App. Ct. 390, 414 (1991).
The claimed errors here were in regard to specific requests for rulings. However, neither party presented written or oral argument as to the claimed errors. Since the decision of the judge was correct under the law applied to his findings of fact, we will not review his rulings without argument
Report Dismissed.